HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | CASE NO. 2:26-cv-00427-RAJ |
| Plaintiff, | ORDER |
| v. | |
| ROSALINDA MORENO, *et al.*, | |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Allstate Insurance Company's ("Allstate") Motion to Effectuate Service on Defendant Christopher Allen Cox and Order of Service by Alternative Means, Dkt. # 24.  The Court has reviewed the motion, the supporting materials, and the balance of the record.  For the reasons discussed below, the motion is **DENIED** without prejudice.

## II.  FACTS

Allstate seeks leave to serve Defendant Christopher Allen Cox by alternative methods.  Dkt. # 22.  Allstate has attempted to serve Mr. Cox on seven separate occasions at three different addresses.  *Id.* at 2.  Allstate first attempted to serve Mr. Cox at the address

ORDER – 1

listed on his driver's license at the time of the underlying incident. *Id.* When that attempt was unsuccessful, Allstate hired a private investigator, who located two other addresses for Mr. Cox. *Id.* Online databases show that one of these addresses belongs to Mr. Cox's wife. *Id.* Allstate attempted service at both addresses provided by the private investigator without success. *Id.* at 2–3. In addition to hiring a private investigator, Allstate's counsel also issued change of address requests to the United States Postal Service regarding the three addresses associated with Mr. Cox. Allstate's motion states it "will update the Court if any new information regarding Defendant Cox's address is provided by the Postal Service." *Id.* Allstate has also identified three email addresses associated with Mr. Cox. *Id.*

## III. DISCUSSION

Alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Due process requires notice "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Federal Rule of Civil Procedure 4(e)(1) authorizes litigants in federal court to effect service of a summons and complaint in any manner provided by the law of the state in which the court sits. Fed. R. Civ. P 4(e)(1). Under Washington law, "[s]ubstitute service by mail or constructive service by publication is permissible when the plaintiff sets forth the following facts: (1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process." *Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005); *see also* RCW 4.28.100 (setting forth the requirements for service by publication). "Statutes authorizing service by means other than personal service, i.e., constructive and substitute service, require strict compliance." *Pascua*, 108 P.3d at 1257.

ORDER – 2

Here, Allstate's motion and supporting declarations fail to address the *Pascua* factors or otherwise state a basis to permit alternative service pursuant to RCW 4.28.100. In particular, while Allstate has taken significant steps to attempt to serve Mr. Cox, the Court cannot conclude on the present record that Allstate has completed a sufficiently diligent search to warrant alternative service. "While reasonable diligence does not require the plaintiff to employ all conceivable means to locate the defendant, it does require the plaintiff to follow up on any information possessed that might reasonably assist in determining the defendant's whereabouts." *Pascua*, 108 P.3d at 1258. "Reasonable diligence requires contacting known third parties who may have knowledge of the defendant's whereabouts." *Id.* Here, Allstate still has outstanding change of address requests to the United States Postal Service that may reveal additional information about Mr. Cox's current address. In addition, Allstate has some information regarding Mr. Cox's wife but has not attempted to contact her to determine Mr. Cox's whereabouts. The Court declines to permit alternative service before Allstate explores these avenues. *See id.* (finding plaintiff did not conduct a reasonable search because he did not attempt to contact the registered owner of the vehicle defendant was driving at the time of the accident, who was potentially the defendant's father).

In addition, Allstate's motion does not address whether Mr. Cox left the state or concealed himself within it, with intent to defraud creditors or avoid service of process. This failure also requires denial of Allstate's motion. *See GS Holistic, LLC v. Mitchell & Mitchell Enterprises, Inc.*, No. 23-cv-5214, 2023 WL 5935605, at *1 (W.D. Wash. Sept. 12, 2023) (denying motion for alternative service because plaintiff "has not filed an affidavit of an agent or attorney stating the reasons he or she believes that [defendant] is avoiding service"); *BBC Chartering Carriers GMBG & Co. KG v. Farber*, No. 25-cv-1312, 2025 WL 3223800, at *3 (W.D. Wash. Nov. 19, 2025) ("Washington law is clear that alternative service is not authorized 'merely because [plaintiffs] were unable to locate [the

ORDER – 3

defendant], despite diligent efforts.' . . . Rather, plaintiffs must 'set forth facts clearly suggesting an intent to conceal.'").

The current deadline to serve Mr. Cox is July 1, 2026.  Dkt. # 21.  Pursuant to Federal Rule of Civil Procedure 4(m), and based on Allstate's efforts to date, the Court finds there is good cause to extend the time to effectuate service to August 3, 2026.  If efforts to serve Mr. Cox remain unsuccessful, Allstate may file a renewed motion for alternative service that addresses the requirements of RCW 4.28.100.

## IV.  CONCLUSION

For the forgoing reasons, Allstate's Motion to Effectuate Service on Defendant Christopher Allen Cox and Order of Service by Alternative Means, Dkt. # 24, is **DENIED** without prejudice.  The time to effect service on Defendant Christopher Allen Cox is extended to **August 3, 2026.**

Dated this 18th day of June, 2026.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4